**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NANCY CRUZ RODRIGUEZ,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **NO. 4:19-CV-285-P** |
| | § | **(NO. 4:18-CR-052-Y)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Movant, Nancy Lorena Cruz Rodriguez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the Government's response, the record, including the record in No. 4:18-CR-052-Y, and applicable authorities, finds that the motion should be **DENIED**.

**BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 6, 2018, Movant was named in a one-count indictment charging her with possession with intent to distribute a mixture and substance containing more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc.[1] 14. On March 21, 2018, Movant appeared before the court with the intent to enter a plea of guilty to the offense charged pursuant to a plea agreement. CR Doc. 18. Movant and her

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-052-Y.

attorney signed a factual resume setting forth the elements of the offense, the maximum penalty Movant faced, and the stipulated facts supporting Movant's guilt. CR Doc. 21. The plea agreement—including a waiver of appeal, signed by Movant, her counsel, and counsel for the Government—was filed. CR Doc. 20. In addition, Movant, her counsel, and counsel for the Government signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 19. Movant did not lodge any objections to the proceedings and the Court accepted Movant's plea of guilty. CR Doc. 25.

The probation officer prepared the presentence report ("PSR"), CR Doc. 26, which reflected that Movant's base offense level was 38. PSR ¶ 28. She received a two-level enhancement for maintaining a drug premises, *id.* ¶ 29, and a six-level increase because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor. *Id.* ¶ 30. Movant received a two-point and a one-point decrease for acceptance of responsibility. *Id.* ¶¶ 36. 37. Based on a total offense level of 43 and a criminal history category of I, Movant's guideline imprisonment range was life. *Id.* ¶ 67. However, the statutorily authorized maximum sentence of 40 years became the applicable guideline term. *Id.* Movant filed objections, CR Doc. 28, and the probation officer prepared an addendum to the PSR. CR Doc. 31. The addendum reflected that Movant did not qualify for a reduction pursuant to the safety valve criteria set forth in 18 U.S.C. § 3553(f), because she did not provide truthful information regarding her offense conduct. *Id.*

On August 21, 2018, movant was sentenced to a term of imprisonment of 324 months. CR Doc. 39. She did not appeal.

## GROUNDS OF THE MOTION

Movant asserts four grounds in support of her motion, respectively, (1) "unfair long sentence," Doc.[2] 1 at PageID[3] 4, (2) "incorrect information," *id.* at PageID 5, (3) "I feel my attorney did not tell everything about my situation," *id.* at PageID 7, and (4) "consideration." *Id.* at PageID 8. In essence, Movant argues that her sentence is too harsh.

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid,* 937 F.2d at 232.

---

[2]The "Doc. __" reference is to the number of the item on the docket of this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the type-written page numbers on the form used by Movant are not the actual page numbers of the document.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**ANALYSIS**

As the Government notes, Movant's plea agreement contains a waiver of the right to appeal as well as a waiver of the right to contest her conviction and sentence in any collateral proceeding, such as this motion under § 2255. CR Doc. 20, ¶ 10. In signing the agreement, Movant stated that she had carefully reviewed every part of it with her attorney and that she voluntarily agreed to it. *Id.* at 7. Her attorney also signed the agreement, stating that she had reviewed every part of it with Movant that that, to her knowledge, her client's decision to enter into the agreement was an informed and voluntary one. *Id.* Movant stated under oath at her arraignment that she fully understood the plea agreement and was asking the court to accept and approve it. CR Doc. 46 at 16–17. She also stated under oath that she had discussed the waiver of appeal paragraph with her counsel and that she knowingly and voluntarily waived her right to appeal. *Id.* at 17–18. Movant has not provided any evidence to the contrary. There is no reason that the waiver should not be enforced. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Even if the waiver did not apply, Movant has not shown cause and prejudice necessary to be able to raise her grounds. *Shaid*, 937 F.2d at 232. Moreover, the Court's application of the sentencing guidelines is not subject to collateral review. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Finally, to the extent Movant alleges that she received ineffective assistance of counsel, she has not made more than conclusory allegations, which are wholly insufficient. *Miller*, 200 F.3d at 282. In any event, the record shows that Movant's counsel did bring to the Court's attention her argument that she was coerced into criminal activity by a cartel and acted under duress. CR Doc. 30. Her attorney also argued for downward departure and variance. *Id.* She presented evidence at the sentencing hearing to support Movant's arguments. CR Doc. 47. That she did not prevail entirely[4] does not mean that Movant did not receive effective assistance of counsel. *Cf. Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

## CONCLUSION

The court **ORDERS** that the relief sought by Movant in her motion under § 2255 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that

[4] The Court granted the motion for downward variance in part to reflect a two-level reduction. CR Doc. 47 at 51.

a certificate of appealability be, and is hereby, denied, as Movant has not made a substantial showing of the denial of a constitutional right.

**SIGNED December 7, 2020**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE